FILED
Nov 21, 2019
01:14 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Dorothy Cannon, | ) | Docket No. 2018-06-2049 |
| Employee, | ) | |
| v. | ) | |
| Spring Hill Residential, LLC, | ) | State File No. 5562-2018 |
| Employer, | ) | |
| And | ) | |
| Safety National Casualty Corp., | ) | Judge Kenneth M. Switzer |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER

Dorothy Cannon filed a hearing request seeking medical benefits, specifically treatment for her neck.[1] Spring Hill Residential asserts that her neck condition is unrelated to the work accident. After an expedited hearing on November 20, 2019, the Court denies Ms. Cannon's requested relief.

### History of Claim

Ms. Cannon works as a cook at Spring Hill Residential. On January 16, 2018, she slipped and fell in the parking lot, hurting her low back.

Spring Hill Residential accepted the claim. Rather than offering a panel of physicians, it provided authorized treatment with a walk-in clinic. Later, Ms. Cannon asked to return to a doctor. She testified that the adjuster did not return her calls, but eventually Spring Hill offered a panel of orthopedists. Ms. Cannon chose Dr. Robert

---

[1] The dispute certification notice additionally lists temporary disability benefits as an issue, but Ms. Cannon offered no proof on this issue at the hearing. Ms. Cannon stated at the hearing that she also seeks payment of a medical bill, but she likewise provided no proof on that question. The Court considers these requests waived at this time. Ms. Cannon further asked that the Court order Spring Hill Residential to offer a panel of surgeons for her low back, but she conceded on cross-examination that it already did so. The Court considers this request moot. Notably, Spring Hill Residential agreed on the record that if Ms. Cannon wishes to return to Dr. Snowden, it will authorize it.

Clendenin and saw him in June, complaining of back, hip and leg pain. Dr. Clendenin's records are silent regarding any problems with Ms. Cannon's neck. In January 2019, he recommended a surgical evaluation.

Spring Hill Residential offered a panel of orthopedic surgeons, and Ms. Cannon chose Dr. Ryan Snowden. Ms. Cannon saw him twice. After her second visit in April, he wrote:

> At this point, I think she has exhausted all options. She has been dealing with this for well over a year and is really only complaining of low back pain. She does have significant degenerative changes that can contribute to this and I see no evidence of radicular symptoms today and certainly no surgery would help. At this point, I have given her [a] significant amount of treatment and [she is] really plateauing of relief and the fact that she continues to work full duty without functional limitations.

Dr. Snowden placed Ms. Cannon at maximum medical improvement. He assigned a seven-percent impairment rating to the body as a whole and checked a box indicating that he does not anticipate the need for future medical treatment. His notes do not mention her complaining of neck problems.

Ms. Cannon also saw her primary care physician, Dr. Heather Rowe. The medical records document visits in April 2018, and February and July of 2019. At the first visit, she told Dr. Rowe about her work accident and complained of leg pain. On exam of Ms. Cannon's neck, Dr. Rowe noted nothing unusual. She diagnosed low-back pain, among other conditions. In February 2019, Dr. Rowe wrote that Ms. Cannon's lumbar spine was being treated as a workers' comp injury and again noted normal findings while examining her neck. At the July 2019 visit, Ms. Cannon complained of a "cervical or thoracic problem," and Dr. Rowe ordered an x-ray of her cervical spine. The radiology report documented "multilevel degenerative changes of the cervical spine without acute fracture."

Afterward, Ms. Cannon saw a neurosurgeon, Dr. Ross Dawkins. His September 2019 notes state that she suffers from "chronic neck and low back pain." He ordered copies of previous MRI images. After reviewing them, Dr. Dawkins wrote:

> I received an MRI of the lumbar spine from May 2018. This demonstrates multilevel degenerative changes without any significant stenosis. I do not see any surgical pathology. There is no recent imaging of the lumbar spine and there is no imaging of the cervical spine. I've discussed the results with the patient over the phone. She states today that her main problem is the lower back and not so much the neck. . . . I do not think she needs cervical imaging at this time.

2

On cross-examination, Spring Hill Residential introduced medical records from 2003, 2007 and 2017 in which Ms. Cannon received treatment for her neck. It also introduced a settlement agreement from a 2005 workers' compensation claim involving a neck injury.[2]

**Findings of Fact and Conclusions of Law**

Ms. Cannon must show that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Ms. Cannon seeks medical benefits regarding an alleged neck injury. An employer must provide, free of charge to the employee, medical treatment made reasonably necessary by accident "as defined in this chapter." Tenn. Code Ann. § 50-6-204(a)(1)(A). Therefore, the Court looks to the statutory definition of "injury" to determine whether Ms. Cannon's neck condition falls within it. The Workers' Compensation Law defines an injury as one that arises "primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14). Ms. Cannon must establish this by a "reasonable degree of medical certainty," and it must be by more than "speculation or possibility." *Id.*

Here, no one disputes that Ms. Cannon suffered *low-back* injuries at work on January 17, 2018. Spring Hill Residential provided authorized treatment for it, directing her to the walk-in clinic, and then it offered panels from which she chose orthopedic specialists. While Ms. Cannon expressed dissatisfaction regarding delays on the adjuster's behalf as well as with the authorized physicians' care, the Court finds that Spring Hill Residential's provision of medical benefits for her low back satisfied its obligation under the law.

Spring Hill Residential argued that Ms. Cannon's neck condition did not arise primarily from her employment but rather is a pre-existing condition. Ms. Cannon argued that her previous treatment occurred long ago and is not related to her condition in 2019. The Court agrees with Ms. Cannon on this point.

However, the Court carefully reviewed records from the authorized treating physicians, which at no time mention complaints of a neck injury. Further, Dr. Rowe's records document that at the first two office visits, the doctor examined her neck and found nothing unusual. At the third visit in July 2019, Ms. Cannon mentioned neck

---

[2] Several days before the hearing, Spring Hill Residential filed a motion to dismiss. Counsel clarified at the outset of the hearing that the motion sought only to dismiss Ms. Cannon's request for expedited hearing and not the entire case. The Court denied the motion and allowed the parties to present their evidence at this interlocutory stage.

problems for the first time. Dr. Rowe ordered x-rays; the report of her cervical spine found degenerative changes and no signs of fracture.

But perhaps the most compelling medical evidence is Dr. Dawkins's notes, where he stated that the MRI of her lumbar spine revealed degenerative changes and he saw no surgical pathology. He did not recommend cervical imaging and wrote: "She states today that her main problem is the lower back and not so much the neck."

In sum, the only proof the Court has that Ms. Cannon's neck condition is related to her fall at work is her own testimony. Her testimony, while sincere, is insufficient to succeed at a hearing on the merits in proving a work-related neck injury, due to the absence of a medical opinion stating that causal link. Therefore, Ms. Cannon has not satisfied her burden.

**IT IS ORDERED** as follows:

1.  Ms. Cannon's request for medical benefits is denied at this time.

2.  This case is set for a scheduling hearing on **January 28, 2020, at 10:15 a.m. Central.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate. Failure to call might result in a determination of the issues without your participation.

**ENTERED November 21, 2019.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

4

# APPENDIX

Exhibits:
1. Affidavit of Dorothy Cannon
2. First Report of Injury
3. Choice of Physician form
4. Wage statement
5. Employer's submission of medical records
6. Final Medical Report, Dr. Snowden
7. X-ray, cervical spine
8. Dr. Dawkins; Dr. Rowe, July 22, 2019
9. Dr. Milek, September 22, 2003
10. Dr. Morris, April 12, 2007
11. Workers' Compensation Mediated Settlement Agreement, December 19, 2005
12. Dr. McGehee, February 21, 2017
13. Dr. Mosley, January 27, 2019
14. Dr. Rowe, April 27, 2018
15. TOA Information Sheet, June 8, 2018
16. Dr. Clendenin, June 8, 2018
17. TOA Follow Up Visit, July 12, 2018
18. Dr. Clendenin, July 12, 2018
19. Ashley Hall, ANP, December 6, 2018
20. TOA Follow Up Visit, January 31, 2019
21. Dr. Clendenin, January 31, 2019
22. Dr. Rowe, February 4, 2019

Technical record:
1. Petition for Benefit Determination, November 14, 2018, and Dispute Resolution Statement
2. Petition for Benefit Determination, June 4, 2019
3. Dispute Certification Notice
4. Show Cause Order
5. Request for Expedited Hearing
6. Order on Show Cause Hearing
7. Motion to Dismiss

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on November 21, 2019.

| Name | Certified Mail | Regular mail | Email | Sent to |
|------|----------------|--------------|-------|---------|
| Dorothy Cannon, self-represented employee | X | | X | 371 9th Ave. N. Franklin TN 37064 dotcannon@ymail.com |
| Kitty Boyte, employer's attorney | | | X | kboyte@constangy.com dmccorkle@constangy.com |

Penny Shrum, Clerk of Court
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

6



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge** _____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits

☐ Medical benefits for current injury

☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):** _____ At Hearing: ☐Employer ☐Employee

Address: _____

Party's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____

LB-1099    rev. 10/18                    Page 2 of 2                    RDA 11082



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                                          RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month       Telephone      $ _____ per month

Electricity      $ _____ per month       School Supplies $ _____ per month

Water            $ _____ per month       Clothing       $ _____ per month

Gas              $ _____ per month       Child Care     $ _____ per month

Transportation   $ _____ per month       Child Support  $ _____ per month

Car              $ _____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile            $ _____        (FMV) _____

Checking/Savings Acct. $ _____

House                 $ _____        (FMV) _____

Other                 $ _____        Describe:_____

11. My debts are:

Amount Owed                        To Whom

_____               _____

_____               _____

_____               _____

_____               _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                           RDA 11082